IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| V. ) | 1:14CR39-5 |
| ) | |
| KENNETH W. WHITE ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE SURPLUSAGE**

NOW COMES counsel for the defendant, KENNETH W. WHITE, and hereby files this Motion to Strike Surplusage, regarding the Second Superseding Indictment ("Indictment"), pursuant to the Federal Rules of Criminal Procedure 7(d). In support of this Motion, Mr. White shows the following:

**BACKGROUND**

On January 31, 2014, the Government indicted Craig Stanford Eury, Sarah Farrell and International Labor Management Corporation (ILMC) with one Count of violating 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Conspiracy to Bring in and Harbor Certain Aliens) and 18 U.S.C. §§ 371 (Conspiracy to Commit Offense or to Defraud United States). The original Indictment set out overt acts pertaining to these three defendants. The original Indictment also alleged forty counts of various substantive offenses against Sarah Farrell and ILMC. On July 31, 2014, Sarah Farrell plead guilty to two misdemeanor counts of violating 8 U.S.C. § 1324a (Bringing in and Harboring Certain Aliens), which were charged in a separate criminal information. On that same date, ILMC plead guilty to Counts two through forty-one of the original indictment.

On August 26, 2014, a Superseding Indictment was returned against Mr. Eury. Count One of the Superseding Indictment was unchanged, except for the addition of two more overt

acts that the Government contended were attributable to Mr. Eury. The Superseding Indictment also charged Mr. Eury with nine substantive counts of violating 18 U.S.C. § 1957. The forty counts in the original Indictment were not contained in the Superseding Indictment.

On September 30, 2014, a Second Superseding Indictment was returned. Count One of the Superseding Indictment charged the same conspiracies as the first two Indictments, and also added an additional conspiracy to commit mail fraud, wire fraud and money laundering, involving a separate, unrelated company, Application Services and Administrative Program, LLC (ASAP) and two additional defendants, Kenneth W. White and Harry Lee Wicker, Jr.

**ARGUMENT**

Under Rule 7(d), the Court may strike surplusage from the indictment. Fed. R. Crim. P. Rule (7)(d). Any allegation that is unnecessary to prove the offense is surplusage. *United States v. Poore*, 594 F.2d 30, 41 (4th Cir. 1979) (citing *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert.denied* 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d (1975)) "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment." *Poore*, 594 F.2d at 41; *see also* Fed. R. Crim. P. Rule 7, advisory Committee Notes (observing that Rule 7(d) is a "means of protecting the defendant") Accordingly, a motion to strike should be granted with respect to allegations that (1) are not relevant to the charge, and (2) and are inflammatory and prejudicial. *United States v. Williams*, 445 F.3d 724, 7330734 (4th Cir. 2006), *cert.denied*, 549 U.S. 933, 127 S.Ct. 314, 166 L.Ed.2d 236 (2006).

> 1. **The allegations contained in paragraphs 23 through 34 of Count One, which describe the H-2A and H-2B Visa Process should be stricken.**

The description of the process of obtaining H-2A and H-2B Visas has nothing to do with

the charges involving Mr. White. He is not charged with violating any law that has to do with this process. This description is not relevant to the elements of any offense involving Mr. White, and it is prejudicial in that it could cause the jury to infer that Mr. White is involved in other acts beyond the scope of the conspiracy.

The Government "may not use the indictment as a vehicle to persuade the jury that the crime alleged has great and hidden implications. *United States v. Brighton Bldg. & Maintenance Co.*, 435 F. Supp. 222, 231 (N.D. Ill. 1977), *aff'd*, 598 F.2d 1101 (7th Cir.), *cert.denied*, 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979); *see also United States v. Cooper*, 384 F.Supp.2d 958, 961 (W.D. Va. 2005), *aff'd* 482 F.3d 658 (4th Cir. 2007)("[W]hen an indictment contains surplusage that goes beyond its limited purpose of charging a party before the court, that surplusage operates much like an extrajudicial statement in its likely impact and potential for prejudice.")

The description of the H-2A and H-2B process contained in Paragraphs 23 through 34 of Count One should be stricken as surplusage.

**2. Paragraphs 75 through 107 and 111 should be stricken because they allege overt acts attributable solely to Sarah Farrell and/or ILMC and have no connection to Mr. White**

In paragraphs 75 through 107 and 111, the government sets out numerous overt acts in support of Count One of the Superseding Indictment. All of the acts are attributable to Sarah Farrell, (who is designated by the initials "S.E.F,") and/or ILMC, and relate to a different conspiracy, which Mr. White has had no connection. Mr. White is not named in any of the acts in those paragraphs, not by full name or initials. There are no allegations whatsover linking Mr. White to any of these acts. Sarah Farrell has pled guilty to misdemeanors in a separate bill of information and according to her plea agreement, "[u]pon acceptance by the Court of a guilty

plea by the defendant Sarah Eury Farrell, to the Information herein, and at the conclusion of the sentencing hearing thereon, the United States of America will move to dismiss the Indictment in docket number 1:14CR39-2 as to the defendant, Sarah Eury Farrell." (Dkt. #4, par. 5c) Ms. Farrell has been sentenced, and therefore any language contained in the Second Superseding Indictment that refers to solely to her conduct, is irrelevant to Mr. White's case and should be stricken as surplusage. These unrelated allegations are also inflammatory and unfairly prejudicial to Mr. White. If this language is allowed to remain there is a substantial risk that the jury may improperly impute to Mr. White the numerous allegations concerning Mr. Farrell's misconduct and therefore they should be removed as surplusage.

WHEREFORE, Mr. White respectfully requests that the Court order the government to strike the paragraphs and language referenced above, and to avoid making any reference at trial to evidence pertaining to the removed language.

Respectfully submitted, January 22, 2015.

/s/ Lisa S. Costner
_____

Lisa S. Costner
N.C. State Bar #14308
Lisa S. Costner, P.A.
407 Summit St.
Winston-Salem, NC 27101
336/748-1885
Fax: 336/722-9981
Costner1@triad.rr.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | 1:14CR39-5 |
| | ) | |
| KENNETH W. WHITE | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Frank Chut
Assistant United States Attorney

Kearns Davis

Wes J. Camden

Wade M. Smith

Melissa Hill

                          Respectfully Submitted,

                          /s/ Lisa S Costner
                          _____
                          Lisa S. Costner
                          N.C. State Bar #14308
                          Lisa S. Costner, P.A.
                          407 Summit St.
                          Winston-Salem, NC 27101
                          336/748-1885
                          Fax: 336/722-9981
                          Costner1@triad.rr.com