IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:14CR39-3 |
| | : | |
| KENNETH W. WHITE, JR. | : | |

RESPONSE TO DEFENDANT WHITE'S MOTION TO STRIKE SURPLUSAGE

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, in response to Defendant Kenneth W. White, Jr.'s ("White") Motion to Strike Surplusage as follows:

Legal Standard

Pursuant to Federal Rule of Criminal Procedure 7(c) an indictment is required to be a "plain, concise, definite written statement of the essential facts consisting of the offenses charged." Fed. R. Crim. P. 7(c)(1). Rule 7(d) of the Federal Rules of Criminal Procedure allows a defendant to move to strike surplusage from an indictment. Fed. R. Crim. P. Rule 7(d). The purpose of Rule 7(d) is to protect a defendant from prejudicial allegations that are irrelevant or not material to the charges in the indictment. United States V. Poore, 594 F.2d 39, 41 (4th Cir. 1979). A motion to strike surplusage should only be granted if "it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States

v. Williams, 445 F.3d 724, 733 (4th Cir. 2006). Information that is prejudicial, but relevant to the charges in the indictment must be left for a conviction to stand. Id. Further, allegations that are irrelevant but not prejudicial may be left undisturbed. Id. A motion to strike surplusage is left to the discretion of the district court. Poore, 594 F.2d at 41.

DISCUSSION

Defendant White requests that this Court strike groups of allegations in the indictment in this case. First, he asks the Court to strike paragraphs 23-34 of Count One of the Indictment which set forth a brief outline of the H-2A and H-2B visa process. Second, he desires that paragraphs 75-107 of Count One be struck claiming that they relate only to the activities of unindicted co-conspirator S.E.F. In both instances the Motion should be denied.

First, Paragraphs 23-34 provide an overview of the process by which H-2A and H-2B temporary work visas are applied for and issued by the United States. This information is both relevant to the Indictment and non-prejudicial. All of the fraud charged in the indictment is related to and grows out of abuse of the H-2A and H-2B process. Background information as to the process is therefore extremely relevant to the Indictment. Further, this information is neutral in itself and is not prejudicial to White. White's contention that "he is not charged with

2

violating any law that has anything to do with this process" is simply wrong. He is directly charged with obstructing the visa process in Count One. He is also charged with a mail fraud scheme to defraud arising from this process. This overview of H-2A and H-2B process is directly relevant to White. The Court should allow paragraphs 23-34 to remain.

Likewise, paragraphs 75-107 should also remain. These paragraphs are all overt acts of the conspiracy charged in Count One. Each involves the acts of co-conspirator S.E.F. and employees of International Labor Management Corporation (ILMC) in support of the conspiracy. White finds these allegations to be prejudicial and irrelevant. He argues that these claims only relate to the misdeeds of S.E.F. and have no relevance to him

However, the acts charged in paragraphs 75-107 are not solely related to S.E.F. Instead they are part of the overt acts of a conspiracy to obstruct the laws of the United States for which White is charged. Second, White directly benefited from these actions as is set forth in the United States Response to the Defendants Motion to Dismiss Count One.

Third, these allegations also directly relate to the actions of co-defendant Craig Stanford Eury, Jr. Eury is White's business partner. Like White, and unlike S.E.F., Eury directly profited from the conspiracy. Eury controlled S.E.F. as well as ILMC and its employees.

3

As to Eury, Count One of the Indictment alleges that he owned and founded ILMC. (Paragraph 3). Paragraph 4 of Count One alleges that he "exercised control over the management and finances of ILMC" in the relevant time period. Paragraph 6 alleges that S.E.F., prior to becoming president of ILMC, worked under the direction of Eury. Paragraphs 40-69 of Count One lay out the manners and means of the conspiracy and make numerous allegations as to Eury's role in the conspiracy. Paragraphs 70-74 allege overt acts of Eury to further the conspiracy. Paragraph 111 of Count One alleges that Eury disbursed $1.2 million of the proceeds from the conspiracy to himself.

Paragraphs 75-107 simply allege the actions of employees of Eury's company, in furtherance of a conspiracy in which he as a conspirator. These actions are also alleged as overt acts of the conspiracy of which White is also charged. They are relevant to White even if he did not directly participate in the actions. Of course it is not required that each co-conspirator take part in all of its activities. United States v. Bollin, 264 F.3d 391, 405-06 (4th Cir. 2001).

Contrary to the White's assertions, these allegations are closely and clearly related to the fraudulent collection of per worker fees through ASAP in obstruction and circumvention of the immigration laws of the United States in which he is most directly involved. First, the fraudulent practices alleged in

4

Count One of the Indictment, and described in part above, directly served to increase the number of H-2B workers entering the United States for ILMC clients. (Count One Paragraph 42). As ILMC clients were required to pay a per-worker fee to ASAP under the pretense that they were paying a $99 recruiting fee charged in Mexico, any fraudulently obtained increase in the number of ILMC H-2B visas was advantageous to the success of ASAP and the Defendants' recoupment of the now forbidden worker fees in interference and obstruction of federal immigration law. See, United States v. Stewart, 256 F.3d 231, 251 (4th Cir. 2001) (actions of various co-conspirators carrying out different roles mutually advantageous to success of drug ring).

Further, since the H-2B Visa program carries a 66,000 visa cap, ILMC's fraudulent practices also furthered the goal of preventing ILMC competitors from legally obtaining the visas. (Count One Paragraphs 24, 42). This fraudulent "cornering of the market" by Eury through his company ILMC, was advantageous to the success of the overarching conspiracy to circumvent immigration laws by fraudulent collection of the now forbidden per worker fee. ILMC clients were required to pay ASAP allowing the defendants to fraudulently recoup the per worker fee. Of course, the Defendants would not receive any per worker fee from H-2B visas obtained by ILMC's competitors. Again, the paragraphs alleging fraudulent practices in obtaining H-2B visas

5

are closely related to the overarching conspiracy. See United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (single conspiracy exists where activities of co-conspirators closely related to conspiracy.)

In other words, White directly benefitted from the actions alleged in Paragraphs 75-107 and cannot pretend that the actions of co-defendant Eury, his daughter S.E.F., and the employees of Eury's company are not relevant to his role in the conspiracy.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Motion be denied.

This the 12th day of February, 2015.

> Respectfully submitted,
>
> RIPLEY RAND
> United States Attorney
>
>
> /S/ FRANK J. CHUT, JR.
> Assistant United States Attorney
> NCSB # 17696
> United States Attorney's Office
> Middle District of North Carolina
> P.O. Box 1858
> Greensboro, NC  27402
> Phone:  336/333-5351

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and I will send notification of such filing to the following:

Lisa S. Costner, Esq.

/S/ FRANK J. CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351