```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


UNITED STATES OF AMERICA    *
                            *  Case No. 1:14CR39-4
vs.                         *
                            *  Winston-Salem, North Carolina
HARRY LEE WICKER, JR.,      *  April 14, 2015
                            *  9:30 a.m.
             Defendant.     *
****************************
```

### TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE JAMES A. BEATY, JR.
UNITED STATES SENIOR DISTRICT JUDGE


APPEARANCES:

| | |
|---|---|
| For the Government: | FRANK J. CHUT, JR., ESQUIRE<br>Office of United States Attorney<br>101 S. Edgeworth Street, 4th Floor<br>Greensboro, North Carolina 27402 |
| For the Defendant: | WADE M. SMITH, ESQUIRE<br>MELISSA HILL, ESQUIRE<br>Tharrington Smith<br>Post Office Box 1151<br>Raleigh, North Carolina 27602-1151 |
| Court Reporter: | Lori Russell, RMR, CRR<br>P.O. Box 20593<br>Winston-Salem, North Carolina 27120 |

Proceedings recorded by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

```
 1                    P R O C E E D I N G S
 2         (Defendant present.)
 3             MR. CHUT:  Your Honor, this is United States of
 4   America versus Harry Lee Wicker, Jr., 1:14CR39-4.
 5   Mr. Wicker is represented by Mr. Wade Smith and Ms. Melissa
 6   Hill.  This is on for change of plea, Your Honor.
 7             THE COURT:  Mr. Smith, you represent the defendant
 8   Harry Lee Wicker, Jr.?
 9             MR. SMITH:  Good morning, Your Honor.  Yes, sir,
10   Melissa Hill and I represent Mr. Wicker.  Mr. Wicker is
11   ready to proceed when Your Honor is ready.
12             THE COURT:  All right.  Thank you, sir.  If you'll
13   have him stand, please.
14         (The Defendant complied with the request.)
15             THE COURT:  If you'll have the Defendant sworn,
16   please.
17         (The Defendant was duly sworn.)
18             THE COURT:  Sir, do you understand you're now
19   under oath?  If you answer any of my questions falsely, your
20   answers may later be used against you in another prosecution
21   for perjury or making a false statement.
22             THE DEFENDANT:  Yes, Your Honor, I understand.
23             THE COURT:  Please state your full name.
24             THE DEFENDANT:  My name is Harry Lee Wicker, Jr.
25             THE COURT:  How old are you?
```

```
 1              THE DEFENDANT:  I'm 43 years old.
 2              THE COURT:  How far did you go in school?
 3              THE DEFENDANT:  I graduated from UNC in 1993.
 4              THE COURT:  Have you been treated recently for any
 5   mental illness or addiction to narcotic drugs of any kind?
 6              THE DEFENDANT:  No, sir.
 7              THE COURT:  Are you currently under the influence
 8   of any drug, medicine or any other alcoholic beverage of any
 9   kind?
10              THE DEFENDANT:  No, Your Honor.
11              THE COURT:  Prior to today had you received a copy
12   of the indictment against you?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  Have you had an opportunity to speak
15   with your attorney concerning those charges against you?
16              THE DEFENDANT:  At length, Your Honor.
17              THE COURT:  I believe for the purpose of the plea
18   you're entering a plea of guilty to Count One, conspiracy,
19   involving Object One, Section iv, that charges you with
20   conspiracy to defraud the United States by impeding,
21   impairing and obstructing a lawful governmental function of
22   the State Department to monitor and regulate the issuance of
23   H-2B visas at United States consulates.  Is that your
24   understanding?
25              THE DEFENDANT:  Yes, Your Honor.
```

|   |   |
|---|---|
| 1 | THE COURT: Mr. Smith, have you and cocounsel |
| 2 | fully explained to him the nature of those charges? |
| 3 | MR. SMITH: We have, Your Honor. |
| 4 | THE COURT: And is it your belief he understands |
| 5 | he's now entering a plea to those charges and what the |
| 6 | penalties are? |
| 7 | MR. SMITH: Yes, sir, we are sure that he does, |
| 8 | Your Honor. |
| 9 | THE COURT: Mr. Wicker, are you satisfied with the |
| 10 | services rendered by your attorneys? |
| 11 | THE DEFENDANT: They've been absolutely fantastic, |
| 12 | Your Honor. |
| 13 | THE COURT: Is there any portion of the plea |
| 14 | agreement, Mr. Smith, that you or Ms. Hill wish to highlight |
| 15 | for the Court? |
| 16 | MR. SMITH: No, sir, Your Honor. |
| 17 | THE COURT: Anything further the Government wishes |
| 18 | to add with respect to the plea agreement itself? |
| 19 | MR. CHUT: No, Your Honor. Thank you, Your Honor. |
| 20 | THE COURT: Mr. Wicker, has anyone attempted to |
| 21 | force you to enter this plea of guilt against your own free |
| 22 | will? |
| 23 | THE DEFENDANT: No, Your Honor. |
| 24 | THE COURT: Do you understand the offense you're |
| 25 | pleading guilty to is a felony offense and, if your plea is |

1  accepted, you will be adjudged guilty of this offense?
2              THE DEFENDANT:  I do understand that, Your Honor.
3              THE COURT:  Do you understand that such
4  adjudication may deprive you of valuable civil rights, such
5  as the right to vote, the right to hold public office, the
6  right to serve on a jury, and the right to possess any kind
7  of firearm?
8              THE DEFENDANT:  I understand that, Your Honor.
9              THE COURT:  Are you a citizen of the United
10 States?
11             THE DEFENDANT:  I am a citizen, Your Honor.
12             THE COURT:  Do you understand if you were not a
13 citizen entering a plea of guilty to a felony offense could
14 have adverse consequences on your immigration status, to
15 include possible exclusion or permanent removal from the
16 United States?
17             THE DEFENDANT:  I understand, Your Honor.
18             THE COURT:  Does the fact that I've discussed what
19 would happen if you were not a citizen affect in any way
20 your decision to enter this plea of guilty?
21             THE DEFENDANT:  No, Your Honor.
22             THE COURT:  With respect to the specific charge
23 against you, do you understand that the following are
24 possible maximum penalties for this offense?  It includes
25 imprisonment of not more than five years, not more than

1   $250,000 fine or two times the greater of the gross gain or
2   loss resulting, not more than 3 years supervised release,
3   special assessment of $100, any restitution the Court may
4   order?  Do you understand that?
5           THE DEFENDANT:  I understand, Your Honor.
6           THE COURT:  Do you also understand with respect to
7   the supervised release term that I've mentioned that if your
8   supervised release term is revoked for any reason you could
9   be required to serve additional time in prison for all or
10  part of the term of supervised release imposed at the time
11  of sentencing without receiving credit for any time
12  previously served on postrelease supervision?  Do you
13  understand that?
14          THE DEFENDANT:  I understand, Your Honor.
15          THE COURT:  Do you understand that the reasons why
16  your supervised release might be revoked would include
17  violating conditions the Court may impose or you may be
18  subjected to mandatory revocation for possession of illegal
19  drugs, possession of a firearm or refusal to perform drug
20  testing, if required to do so?  Do you understand that?
21          THE DEFENDANT:  I understand, Your Honor.
22          THE COURT:  Now that I have explained to you the
23  consequences of your plea in terms of what would happen if
24  you were not a citizen as relates to your immigration
25  status, what the maximum possible penalties are, and what

```
 1   would happen if your supervised release term is revoked, is
 2   it still your desire to enter a plea of guilty in this case?
 3              THE DEFENDANT:  It is, Your Honor.
 4              THE COURT:  Have you had an opportunity to speak
 5   with your attorney concerning the sentencing guidelines and
 6   how they may affect you in this case?
 7              THE DEFENDANT:  Yes, Your Honor.
 8              THE COURT:  Do you understand in determining your
 9   sentence the Court must first calculate the appropriate
10   sentence under the guidelines and then consider that
11   guideline sentence as being advisory, along with considering
12   any other relevant sentencing factors that your attorney may
13   choose to present on your behalf?  Do you understand that?
14              THE DEFENDANT:  I understand, Your Honor.
15              THE COURT:  Do you understand the Court will not
16   be able to determine a guideline sentence in your case until
17   after a presentence report has been completed?
18              THE DEFENDANT:  I understand, Your Honor.
19              THE COURT:  Do you also understand that at
20   sentencing the Court will make appropriate findings of fact
21   to determine the advisory guideline range, but the Court may
22   depart from that range under the guidelines or may impose a
23   discretionary sentence that is more severe or less severe
24   than the sentence called for by the guidelines?
25              THE DEFENDANT:  Yes, Your Honor, I understand.
```

```
 1              THE COURT:  Do you understand that the sentence
 2   the Court will impose may be different from any estimate
 3   your attorney may have given you as to what your sentence
 4   might be?
 5              THE DEFENDANT:  Yes, Your Honor.
 6              THE COURT:  Do you understand that parole has been
 7   abolished?  If you are sentenced to prison, you would not be
 8   released on parole.
 9              THE DEFENDANT:  I understand, Your Honor.
10              THE COURT:  Do you also understand that under some
11   circumstances you or the Government may have the right to
12   appeal any sentence I may impose in your case?  But if you
13   choose to file a notice of appeal, it must be done in
14   writing within 14 days of entry of the Court's judgment.  Do
15   you understand that?
16              THE DEFENDANT:  I understand, Your Honor.
17              THE COURT:  Do you understand you have the right
18   to plead not guilty and to persist in that plea and have a
19   trial by a jury, but by this plea of guilty you give up all
20   your constitutional rights related to trial by jury that
21   include presumption of innocence at trial and the right to
22   have the Government prove your guilt beyond a reasonable
23   doubt, the right to assistance of counsel for your defense
24   at trial, the right to see and hear all witnesses against
25   you and have them cross-examined, the right on your own part
```

|   |   |
|---|---|
| 1 | to decline to testify, unless you voluntarily elect to do |
| 2 | so?  At a trial you would also have the right to have |
| 3 | subpoenas issued to compel witnesses to testify in your |
| 4 | defense.  Do you understand these are rights you're giving |
| 5 | up by pleading guilty? |
| 6 | THE DEFENDANT:  I understand, Your Honor. |
| 7 | THE COURT:  Do you also understand that if you had |
| 8 | elected to have a jury trial and then chose not to testify |
| 9 | or not to offer any evidence these facts would not be held |
| 10 | against you? |
| 11 | THE DEFENDANT:  I understand, Your Honor. |
| 12 | THE COURT:  Has your attorney explained to you all |
| 13 | the essential elements of the offense that the Government |
| 14 | would have to prove beyond a reasonable doubt if you had a |
| 15 | trial by jury? |
| 16 | THE DEFENDANT:  They have, Your Honor. |
| 17 | THE COURT:  Do you have any question as to what |
| 18 | those elements are for the offense you're charged with? |
| 19 | THE DEFENDANT:  No, I understand them, Your Honor. |
| 20 | THE COURT:  Does the Government wish to present |
| 21 | the Court what the factual showing is in this case? |
| 22 | MR. CHUT:  Yes, Your Honor.  There was a written |
| 23 | factual basis filed -- |
| 24 | THE COURT:  Yes, sir. |
| 25 | MR. CHUT:  -- with the court, Your Honor. |

1  Basically, the factual basis is, in general, Mr. Wicker and
2  his codefendants, Mr. Eury and Mr. White, had a system by
3  which they interfered, impaired and obstructed the operation
4  of the laws of the United States as it applies to the
5  Department of State in that they were charging what amounted
6  to a hidden fee or a kickback for each worker; and that
7  employers were threatened by their shell company ASAP that
8  the workers would be cancelled or delayed and not allowed to
9  go to the consulate even though in almost all cases visa
10 petitions had been approved for the workers.
11     Obviously, Your Honor, private citizens don't have the
12 right to charge a fee for people to enter the United States
13 or to determine who is eligible.  That's an act of
14 sovereignty of the United States of America and is
15 controlled by the laws of the United States.
16     So Mr. Wicker -- the factual basis in this particular
17 plea is the practice of the charging of the hidden fee and
18 then threatening the cancellation of workers who otherwise
19 were allowed to proceed into the United States through the
20 consulate if the fee was not paid.  This replaced an earlier
21 system by which fees were charged, prior to a change in
22 regulations, to relevant workers.
23         THE COURT:  All of that is contained and covered
24 by Section iv of Object One?
25         MR. CHUT:  Yes, Your Honor.

| | |
|---|---|
| 1 | THE COURT: Mr. Smith, have you reviewed the |
| 2 | factual showing that's written? You heard the statement of |
| 3 | Mr. Chut. Do you agree that that's the factual basis in |
| 4 | this case and supports your client's plea? |
| 5 | MR. SMITH: We do, Your Honor. |
| 6 | THE COURT: And does it support his plea? |
| 7 | MR. SMITH: Yes, yes, it does, Your Honor. |
| 8 | THE COURT: And based upon that showing, how does |
| 9 | your client plead to the charge? |
| 10 | MR. SMITH: He pleads guilty, Your Honor. |
| 11 | THE COURT: And, Mr. Wicker, are you in fact |
| 12 | guilty of the charge in Count One, Object One, Section iv? |
| 13 | THE DEFENDANT: Yes, Your Honor. |
| 14 | THE COURT: It's the finding of the Court in the |
| 15 | case of United States versus Harry Lee Wicker that the |
| 16 | Defendant is fully competent, capable of entering an |
| 17 | informed plea; the Defendant is aware of the nature of the |
| 18 | charges and the consequences of his plea; that his plea is |
| 19 | made voluntarily and knowingly and is supported by an |
| 20 | independent basis in fact containing each of the essential |
| 21 | elements of the offense. The Defendant's plea is therefore |
| 22 | accepted by the Court and he's now adjudged guilty of the |
| 23 | offenses charged in Count One, Object One, Section iv. |
| 24 | As a result of your plea, Mr. Wicker, I will inform you |
| 25 | the probation office will prepare a written presentence |

```
 1   report to assist the Court in sentencing.  You will be asked
 2   to give information for this report.  You may have your
 3   attorneys present with you at the time you speak with the
 4   probation officer, if you so desire.  Do you understand
 5   that?
 6            THE DEFENDANT:  Yes, Your Honor.
 7            THE COURT:  Mr. Smith, do you or Ms. Hill plan to
 8   be present when your client speaks with the probation
 9   officer?
10            MR. SMITH:  We would like that, Your Honor.
11            THE COURT:  Mr. Wicker, prior to sentencing, you
12   and your attorneys will have the opportunity to read the
13   presentence report and file any objections you have to that
14   report before the sentencing hearing.  At sentencing you
15   will you have the opportunity to speak on your own behalf,
16   as well as have your attorney speak on your behalf.  Do you
17   understand that?
18            THE DEFENDANT:  Yes, Your Honor.
19            THE COURT:  Do you have any questions about
20   anything I've said to you at this time?
21            THE DEFENDANT:  No, Your Honor.
22            THE COURT:  Anything further from the Government
23   or the Defendant as to this plea?
24            MR. CHUT:  No, Your Honor.  Thank you, Your Honor.
25            THE COURT:  The Court will set sentencing for
```

1  Tuesday, August 25th, 2015, 9:30 a.m., Winston-Salem,
2  Courtroom No. 1.
3      Anything further from the Government or the Defendant?
4          MR. CHUT:  No, Your Honor.  Thank you, Your Honor.
5      (Proceedings concluded at 9:49 a.m.)
6
7
8                        C E R T I F I C A T E
9      I, LORI RUSSELL, RMR, CRR, United States District Court
   Reporter for the Middle District of North Carolina, DO
10 HEREBY CERTIFY:
11     That the foregoing is a true and correct transcript of
   the proceedings had in the within-entitled action; that I
12 reported the same in stenotype to the best of my ability and
   thereafter reduced same to typewriting through the use of
13 Computer-Aided Transcription.
14
15 _____           Date:  4/17/15
16 Lori Russell, RMR, CRR
   Official Court Reporter
17
18
19
20
21
22
23
24
25