```
 1              IN THE UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF NORTH CAROLINA
 2
   UNITED STATES OF AMERICA      ) Winston-Salem, North Carolina
 3                               ) October 9, 2014
        vs.                      )
 4                               )
   HARRY LEE WICKER,             )
 5                               ) Case No. 1:14CR39-4
        Defendant.               )
 6  _____)
   UNITED STATES OF AMERICA      )
 7                               )
        vs.                      )
 8                               )
   KENNETH W. WHITE,             )
 9                               ) Case No. 1:14CR39-5
        Defendant.               )
10  _____)

11

12              TRANSCRIPT OF INITIAL APPEARANCE
              BEFORE THE HONORABLE JOI ELIZABETH PEAKE
13                UNITED STATES MAGISTRATE JUDGE

14

15  APPEARANCES:

16  For the Government:   ROB LANG, AUSA
                          Office of the U.S. Attorney
17                        251 N. Main Street, Suite 726
                          Winston-Salem, North Carolina 27101
18
   For the Defendant:    MELISSA HILL, ESQUIRE
19  (Wicker)             Tharrington Smith
                          PO Box 1151
20                        Raleigh, NC 27602-1151

21  For the Defendant:    LISA S. COSTNER,ESQUIRE
   (White)               200 Brookstown Ave., Ste. 304
22                        Winston-Salem, North Carolina 27101
                          336-748-1885
23

24

25
```

```
 1                          I N D E X

 2   WITNESSES: GOVERNMENT

 3   None

 4


 5
     WITNESSES: DEFENDANT
 6
     None
 7

 8

 9
     EXHIBITS:                              MARKED    RCVD
10
     None
11

12

13

14

15

16

17

18

19

20

21

22   Court Reporter:      Joseph B. Armstrong, RMR, FCRR
                          324 W. Market, Room 101
23                        Greensboro, NC  27401

24
                     Proceedings typed from audio recording.
25                     (Transcriber, Sharon L. Armstrong.)
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

        (Defendants present.)

        MR. LANG:  Your Honor, the next two matters would be back to the initial appearance.  We're going to call those at the same time.

        THE COURT:  All right.

        MR. LANG:  That would be United States versus Harry Lee Wicker, Jr., 1:14CR39-4.  Your Honor, he is represented by Melissa Hill this afternoon.  The next matter, the companion case, is United States versus Kenneth Wayne White, 1:14CR39-5. Your Honor, Mr. White is represented by Lisa Costner this afternoon.

        THE COURT:  All right.  Good afternoon.

        MS. HILL:  Good afternoon.

        THE COURT:  Good afternoon, Ms. Costner.

        MS. COSTNER:  Good afternoon, Your Honor.

        THE COURT:  All right. And let me ask first, Ms. Hill, are you entering a general appearance in this case then for Mr. Wicker?

        MS. HILL:  Yes, sir -- yes, ma'am.  We have filed a notice of appearance, I believe.

        THE COURT:  All right.

        MS. HILL:  Wade Smith and I are representing him.

        THE COURT:  Okay, very good.  And to the extent that's not already yet reflected in the docket, I'll just ask

the clerk to make sure and note the entry of general

appearance.  And then as to Mr. White, Ms. Costner, are you

entering a general appearance in this case?

        MS. COSTNER:  Yes, Your Honor, and I also filed a

notice yesterday.

        THE COURT:  All right.  Very good.  All right.  Then

as to both Mr. Wicker and Mr. White, what I intend to do is go

ahead and proceed first with the initial appearance advising,

and then we can take up the question of conditions of release.

        Mr. Wicker and Mr. White, could you stand up for me,

please.  And Mr. Harry Lee Wicker, Jr.?

        DEFENDANT WICKER:  Yes, ma'am.

        THE COURT:  All right.  And Kenneth W. White?

        DEFENDANT WHITE:  Yes, ma'am.

        THE COURT:  All right.  Mr. Wicker and Mr. White,

this matter is here for an initial appearance in a criminal

proceeding.  You are here because you've been charged with

certain felonies, so I've got to review those charges with you,

advise you of your rights, and then set some further

proceedings in the case, and I'll give you a chance to ask any

questions if you have any.

        DEFENDANT WHITE:  Thank you, Your Honor.

        THE COURT:  You have been arrested on a warrant

issued in connection with a grand jury indictment.  The grand

jury indictment was returned on September the 30th, 2014,

charging you with felony offenses. Specifically, it charges
each of you in certain of the counts of an 87-count indictment.
Those charges as to both of you include Count One, which
alleges a conspiracy with four objects:

Object 1, to defraud the United States by impairing
and obstructing governmental functions of the Department of
Labor, U.S. CIS, and the State Department.

Object 2, inducing aliens to come to the United
States in violation of federal law.

Object 3, use of false and fraudulent means to obtain
visas for entry into the United States by fraud.

And Object 4, engaging in monetary transactions in
criminally-derived property greater than $10,000.00.

And all of that is part of the conspiracy in
violation of 8, United States Code, 1324(a)(1)(A)(vi), and 18
USC 371, and aiding and abetting in violation of 18, United
States Code, Section 2.

That's the allegation as to Count One. Is that your
understanding, Ms. Hill and Ms. Costner; is that correct?

MS. HILL: Yes.

MS. COSTNER: Yes, Your Honor.

THE COURT: And then you are both charged as well in
Counts Eleven through Sixteen with mail fraud, in violation of
18, United States Code, 1341, based on an alleged scheme to
defraud set out in the indictment, with aiding and abetting in

violation of 18, United States Code, Section 2.

          And then as to Mr. Wicker, there's also the charge in Counts Forty-one through Sixty-four of engaging in monetary transactions in criminally-derived property of a value over $10,000 in violation of 18, United States Code, 1957, or aiding and abetting in violation of 18, United States Code, Section 2.

          Mr. White is not charged in Counts Forty-one through Sixty-four, but he is still charged instead in Count Sixty-five through Eighty-seven with the same violation, that is, engaging in monetary transactions in criminally-derived property of a value over $10,000 in violation of 18, United States Code 1957, or aiding and abetting in violation of 18, United States Code, Section 2, with forfeiture allegations included as well.

          I'll ask Ms. Hill and Ms. Costner, is that your understanding of all of the charges against your clients?

          MS. COSTNER:  Yes, Your Honor.

          MS. HILL:  Yes, Your Honor.

          THE COURT:  All right.  And then Mr. Wicker, do you understand those are the charges against you in this case?

          DEFENDANT WICKER:  Yes, Your Honor.

          THE COURT:  And Mr. White, do you understand those are the charges against you?

          DEFENDANT WHITE:  Yes, Your Honor.

          THE COURT:  All right.  With respect to those charges, you both have the right to remain silent.  It means

you don't have to answer any questions that might be put to you either in the courtroom or outside the courtroom. If you do answer questions, your answers can be used against you. Even if you've already answered questions or made a statement, you don't have to say anything further; and if you do choose to answer questions or make a statement, you can choose to stop at any time. Do you both understand that?

DEFENDANT WICKER: Yes, Your Honor.

DEFENDANT WHITE: Yes, Your Honor.

THE COURT: You also have the right to be represented by an attorney. That means you have the right to retain counsel of your choosing, or, if you cannot afford an attorney, you can ask the Court to appoint an attorney for you at no cost to you. Do you both understand that?

DEFENDANT WICKER: Yes, Your Honor.

DEFENDANT WHITE: Yes, Your Honor.

THE COURT: All right. And then Mr. Wicker, you've retained Ms. Hill and Mr. Smith; is that correct?

DEFENDANT WICKER: Yes, Your Honor.

THE COURT: And Mr. White, you've retained Ms. Costner; is that correct?

DEFENDANT WHITE: Correct. Yes, Your Honor.

THE COURT: And so neither of you is asking the Court to appoint counsel; is that correct?

DEFENDANT WICKER: That's correct.

```
 1              DEFENDANT WHITE:  Correct, Your Honor.

 2              THE COURT:  All right.  I will just advise you then

 3  that if at any point you're unable to continue to afford

 4  counsel, you can always come to the Court to request

 5  appointment of counsel.  Do you understand that?

 6              DEFENDANT WICKER:  Yes, Your Honor.

 7              DEFENDANT WHITE:  Yes, Your Honor.

 8              THE COURT:  All right.  I believe the only matter

 9  then remaining would be the question of release conditions.

10  Mr. Lang, does that cover everything else we needed to cover

11  today?

12              MR. LANG:  Yes, Your Honor.

13              THE COURT:  And is the Government moving for

14  detention at all in this case?

15              MR. LANG:  We are not moving for detention, Your

16  Honor.

17              THE COURT:  Is there a specific request?

18              MR. LANG:  Your Honor, Mr. Chut -- I've spoken with

19  Mr. Chut, and I believe we're in agreement for some release

20  conditions with an unsecured bond in the amount of 100,000.

21              THE COURT:  All right.  So it would be an unsecured

22  bond of 100,000 and then any additional conditions that

23  Probation may recommend; is that correct?

24              MR. LANG:  Correct.

25              THE COURT:  All right.  Before we proceed to that, I
```

```
 1   will ask since counsel's here for both clients, would you want
 2   to go ahead and proceed with arraignment today, or do you want
 3   to wait and have that set over?
 4            MS. COSTNER:  I think we're prepared, Your Honor.
 5            MS. HILL:  We're prepared to proceed today.
 6            THE COURT:  All right.  So I've gone over all of
 7   those charges.  I'll ask each of you.  Ms. Hill, have you had a
 8   chance to obtain a copy of the indictment and review that with
 9   Mr. Wicker?
10            MS. HILL:  Yes, I have.
11            THE COURT:  And Ms. Costner, have you had a chance to
12   obtain a copy of the indictment and review that with Mr. White?
13            MS. COSTNER:  I have, Your Honor.
14            THE COURT:  And I've gone through all of the charges.
15   Do you agree that those are the charges in this case as I've
16   reviewed them thus far, Ms. Hill?
17            MS. HILL:  Yes, ma'am.
18            THE COURT:  And Ms. Costner?
19            MS. COSTNER:  Yes, Your Honor.
20            THE COURT:  All right.  Do either of your clients
21   have any questions about those charges?  Ms. Hill?
22            MS. HILL:  No, Your Honor.
23            THE COURT:  Ms. Costner?
24            MS. COSTNER:  None for the Court, Your Honor.
25            THE COURT:  All right.  And do your clients waive a
```

1  reading of the indictment, Ms. Hill?

2          MS. HILL:  Yes, Your Honor.

3          MS. COSTNER:  Yes, Your Honor.

4          THE COURT:  All right.  And how do each of them

5  plead?  For Mr. Wicker?

6          MS. HILL:  Not guilty.

7          THE COURT:  All right.  And Ms. Costner?

8          MS. COSTNER:  Not guilty.

9          THE COURT:  All right.  I'll ask the clerk to note

10  entry of a plea of not guilty as to all of the charged counts.

11  If you'll each then take two copies of the scheduling order

12  there and make sure to go over that with your clients.

13          Mr. Wicker and Mr. White, that scheduling order sets

14  out the dates and deadlines for when your case would be on the

15  calendar for trial and the corresponding dates for pretrial

16  motions, which means that those would be the deadlines for

17  Ms. Hill and Ms. Costner to file any pretrial motions on your

18  behalf.  So it's important you work with them to make sure all

19  of those dates and deadlines are met.

20          DEFENDANT WICKER:  Thank you, Your Honor.

21          THE COURT:  Both of you understand that?  All right.

22  All right.  And then as to the question of release conditions,

23  it appears the Government's requesting $100,000 unsecured bond,

24  and then the additional conditions, I can go over those.  If

25  there are any questions as to those, I'll go through those as

1  to each of them, but I'll ask, Ms. Hill, did you have any

2  particular issues to raise as to the release conditions?

3          MS. HILL:  I'd like to be heard on travel

4  restrictions whenever you'd like to hear that.

5          THE COURT:  All right.  I'll go through those; and

6  when we get to that section, then remind me, and I'll hear you

7  on that.

8          MS. HILL:  Yes, ma'am.  Okay.

9          THE COURT:  And Ms. Costner, anything else in

10  particular as to the release conditions you need to raise?

11         MS. COSTNER:  No, Your Honor.

12         THE COURT:  All right.  All right then.  Mr. Wicker

13  and Mr. White, at this point the Government has agreed to

14  release conditions that include a $100,000 unsecured bond as

15  well as certain non-financial conditions that I'll go through

16  with you.  So what I intend to do is go through all of the

17  conditions that would apply.  If you have any questions, you

18  can take a minute to talk to your attorney, or you can ask any

19  questions you might have.  I want to make sure you understand

20  all of the conditions, and then you'll have a chance to sign

21  your agreement to comply with those conditions before your

22  release this afternoon.  Do both of you understand that?

23         DEFENDANT WICKER:  Yes, Your Honor.

24         DEFENDANT WHITE:  Yes, Your Honor.

25         THE COURT:  All right.  And I think I'm going to do

1  these one at a time just to make sure that we have each

2  condition and each of you understands them as we go through it.

3  So Mr. Wicker, I'm going to start with you.

4        The first provision here would be an appearance bond.

5  It is an appearance bond, an unsecured bond, of $100,000.  You

6  agree that you will follow all of the orders of the Court, and

7  you agree that bond can be forfeited if you fail to appear for

8  court proceedings, if you fail to surrender for any sentence if

9  you were convicted in the case, and if you fail to comply with

10 any of the conditions of release set forth.  Do you understand

11 that?

12        DEFENDANT WICKER:  I agree and understand, Your

13 Honor.

14        THE COURT:  All right.  That would mean that if you

15 failed to appear or failed to comply with any conditions, the

16 Government could obtain a judgment against you for $100,000.

17 Do you understand that?

18        DEFENDANT WICKER:  I understand, Your Honor.

19        THE COURT:  You understand that?  All right.  The

20 standard conditions of release would include you must not

21 violate any federal, state, or local law while on release, you

22 must cooperate in the collection of a DNA sample, and you must

23 advise the Court or the pretrial services officer in writing

24 before making any change of residence or telephone number.  Do

25 you understand that?

1     DEFENDANT WICKER:  I agree and understand, Your

2 Honor.

3     THE COURT:  You must also appear in court as required

4 and, if convicted, surrender as directed to serve any sentence

5 that might be imposed.  Do you understand?

6     DEFENDANT WICKER:  I agree and understand.

7     THE COURT:  The next appearance is not set yet, so it

8 includes just a blank space on the front of this form.  That's

9 because the schedule is going to be as set out in that

10 scheduling order.  You just need to be in contact with Ms. Hill

11 so you know when you next need to be in court.  Do you

12 understand that?

13     DEFENDANT WICKER:  Thank you, Your Honor.  I do

14 understand.

15     THE COURT:  All right.  In addition, the

16 non-financial conditions that have been recommended and that I

17 would intend to impose, you must submit to supervision by and

18 report for supervision to the U.S. Probation or Pretrial

19 Services officer.  That means that if they ask you to call in,

20 you call in, or if they ask you to report, you report as

21 directed.

22     DEFENDANT WICKER:  I understand, Your Honor.

23     THE COURT:  All right.  You must surrender any

24 passport to the pretrial services officer and not obtain any

25 other passport or international travel document.

1      DEFENDANT WICKER:  I understand, Your Honor.

2      THE COURT:  All right.  And let me ask about that.

3  Ms. Hill, do you have Mr. Wicker's passport yet at this point?

4      MS. HILL:  Yes, we have his passport.

5      THE COURT:  All right.  And so you're prepared to be

6  able to turn that over to the probation officer today?

7      MS. HILL:  Yes, I am.

8      THE COURT:  All right.  As to the travel

9  restrictions, what has been recommended is that your travel's

10  restricted to the Middle District of North Carolina unless

11  prior approval is obtained from the probation or pretrial

12  services officer.  And then, as I understand, there may be some

13  question in this case as well as to attorney visits; is that

14  correct, Ms. Hill?

15      MS. HILL:  Yes, ma'am.  We would ask that he be

16  allowed to travel to the Eastern District to visit and work

17  with his attorneys.

18      THE COURT:  All right.  Is there any other particular

19  request you needed to --

20      MS. HILL:  Yes, ma'am.  He has two trips scheduled

21  that are related to his work, and the U.S. Attorney's office,

22  through Mr. Chut, has consented to his travel for those.  One

23  is to Boston to attend a symposium at Harvard University on

24  November the 12th and 13th, and the second is also a business

25  meeting in Dallas on December the 11th.  And I believe the

1  U.S. -- the United States agrees that he should be allowed to

2  travel to both, and we'd ask the Court's permission now.

3          THE COURT:  Mr. Lang, is that correct?

4          MR. LANG:  Mr. Chut has consented to that, Your

5  Honor.

6          THE COURT:  All right.  What I'm going to do then is

7  I'm not going to list those specifically in this release

8  condition, but note that he can get prior approval from the

9  pretrial officer for any of those trips as he raises them, and

10 I'll ask the pretrial officer who's here to just specifically

11 note for his supervising officer that he has agreement of the

12 Government and the Court's approval as to those two particular

13 trips.

14         MS. HILL:  Thank you, Your Honor.

15         THE COURT:  All right.

16         MS. HILL:  Your Honor?

17         THE COURT:  Yes, ma'am.

18         MS. HILL:  Excuse me.  May I ask if -- he may have

19 other needs to travel for his work in the coming months.  He

20 probably will.  Should we simply go through the probation

21 officer or the pretrial services officer?

22         THE COURT:  Yes.  So the way it's worded now is that

23 his travel's restricted to the Middle District unless he gets

24 prior approval from the probation officer.  So he would just

25 need to get approval prior to taking the trip from the

1  probation officer.  If there's any trip the probation officer

2  has uncertainty about whether it's within the scope of what

3  they can approve, then they'll let you know you need to file a

4  motion with the Court.

5          MS. HILL:  Okay.

6          THE COURT:  So the probation officer has some measure

7  of discretion there to make approvals.  If there's something

8  that they can't approve or are not in a position to be able to

9  approve, you can always just file a separate motion on that.

10         MS. HILL:  Thank you very much.

11         THE COURT:  All right.

12         MS. HILL:  And also for the Eastern District for

13 attorney visits?

14         THE COURT:  Yes.  So what I'm going to do is it'll

15 specifically say that the travel's restricted to the Middle

16 District of North Carolina unless prior approval is obtained

17 from the probation or pretrial services officer or for attorney

18 visits.  So I'll include that to the Eastern District.

19         MS. HILL:  Thank you very much.  That's great.

20         THE COURT:  And then as far as the discretion of the

21 probation officer, they have their ordinary discretion, and

22 we've already indicated to them those two particular trips

23 you've raised.

24         MS. HILL:  Thank you.

25         THE COURT:  All right.  And I'll ask you, Mr. Wicker,

do you understand all of that we just covered as well?

        DEFENDANT WICKER:  Yes, Your Honor.  Thank you.

        THE COURT:  All right.  In addition, you must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including all co-defendants.  Do you understand that?

        DEFENDANT WICKER:  I understand, Your Honor.

        THE COURT:  Ms. Hill, is there any problem or reason he would need to have any contact with any co-defendants in this case?

        MS. HILL:  He works with several of the co-defendants, so he does have contact with them at work.

        THE COURT:  All right.  Let me ask Mr. Lang, what's the Government's position as to that?

        MR. LANG:  Obviously, when we were agreeing to allow him to leave, and we know it's all in a work environment, I think --

        THE COURT:  That's contemplated.

        MR. LANG:  Yes.  So only for, you know, contact for work-related business and not discussing this case.  I'm not sure how we would enforce that, but to have no intimidation or inappropriate contact beyond the work.

        THE COURT:  And --

        MS. HILL:  We would very much agree with that idea.

        THE COURT:  All right.  So right now I have the

condition as avoiding all contact, including as to all
co-defendants. It sounds like that is not a condition that is
feasible or practical. Mr. Lang, I'll ask you, do you want me
just to strike that but note the general prohibition against
intimidating a witness or otherwise obstructing an
investigation?

        MR. LANG: Or insert the word "all nonwork-related
contact."

        THE COURT: All right. How about "all co-defendants
other than as needed for employment"?

        MR. LANG: Yes.

        THE COURT: All right. So Ms. Hill, it will now say:
"Avoid all contact, directly or indirectly, with any person who
is or may be a victim or witness in the investigation or
prosecution, including all co-defendants other than as needed
for employment." Is that --

        MS. HILL: That's fine. Thank you, Your Honor.

        THE COURT: All right. And Mr. Wicker, do you
understand that condition as well?

        DEFENDANT WICKER: Yes, Your Honor. Thank you.

        THE COURT: All right. In addition, you must not
possess a firearm, destructive device, or other weapon. That
means anywhere at the residence where you're living, any
vehicle that you're in, any place at your place of employment.
Do you understand that?

1          DEFENDANT WICKER:  I understand.  Thank you, Your

2    Honor.

3          THE COURT:  And I'll ask you, do you have a firearm

4    at your residence?

5          DEFENDANT WICKER:  I do not have a firearm at my

6    residence.

7          THE COURT:  All right.  And then finally, you must

8    report as soon as possible to the pretrial services office or

9    officer in writing any contact with law enforcement personnel,

10   including arrests, questioning, or traffic stops.  That means

11   even if you're just pulled over for a warning or questioning,

12   you need to let the probation officer know about that.

13         DEFENDANT WICKER:  I will, Your Honor.  Thank you.

14         THE COURT:  All right.  That would be the extent of

15   the conditions that I have as proposals from the pretrial

16   officer.  Let me ask Pretrial if that's all the conditions you

17   would propose in this case?

18         PRETRIAL OFFICER:  Yes, Your Honor.

19         THE COURT:  And Mr. Lang, anything else you're

20   requesting?

21         MR. LANG:  No, Your Honor.

22         THE COURT:  And Ms. Hill, any objection or question

23   as to any of those we've gone over?

24         MS. HILL:  No, Your Honor.  Thank you.

25         THE COURT:  All right.  All right.  Then, Mr. Wicker,

there's certain warnings I need to go over with you in
connection with release conditions.  As I indicated previously,
if you fail to appear or fail to comply with conditions
imposed, the Government could obtain a $100,000 judgment
against you.  Do you understand that?

DEFENDANT WICKER:  I understand, Your Honor.

THE COURT:  If you violate any of the conditions of
release I've just set, a warrant could be issued for your
arrest, your release could be revoked, and you could be
prosecuted for contempt of court.

I also advise if you commit another felony or
misdemeanor offense while you're on release, your sentence, if
you're convicted of that offense, could be substantially
increased because you're on pretrial release, and you could
receive as punishment an additional prison term of up to 10
years for a felony and up to one year for a misdemeanor that
would be consecutively served as to any sentence you might
receive for the present offense.  Do you understand that?

DEFENDANT WICKER:  I understand, Your Honor.

THE COURT:  I advise you it's a federal offense
punishable by up to 10 years in prison to obstruct a criminal
investigation or retaliate against a witness, victim,
informant, or officer of the Court.  I also advise you it's a
separate criminal offense to fail to appear, which could result
in a separate conviction and consecutive sentence.  Do you

1  understand that?

2       DEFENDANT WICKER:  I understand, Your Honor.

3       THE COURT:  All right.  And Ms. Hill, I'll ask you

4  then, anything else we need to cover in terms of conditions of

5  release or any questions?

6       MS. HILL:  No, no questions.  Nothing else.  Thank

7  you.

8       THE COURT:  All right.  Mr. Wicker, do you have any

9  questions about any of those things?

10      DEFENDANT WICKER:  No, Your Honor.  Thank you.

11      THE COURT:  All right.  What I have is two orders

12  setting conditions of release.  It just goes through all of

13  those conditions that I've just gone over with you as well as

14  those potential penalties.  It notes that you're acknowledging

15  you're the defendant and are aware of the conditions of

16  release, that you promise to obey all conditions, to appear as

17  directed, to surrender to serve any sentence imposed, and that

18  you're aware of the penalties and sanctions that are set forth.

19  Ms. Hill, if you could assist with that.

20      MS. HILL:  Thank you.

21      THE COURT:  All right.  Thank you.

22      MS. HILL:  May I approach, Your Honor?

23      THE COURT:  Yes, ma'am.  I also have the bond here as

24  well.

25      MS. HILL:  May I approach?

1          THE COURT:  Yes, ma'am.  Thank you.  All right?

2     Mr. Wicker, I've approved the bond and entered the order that

3     you be released after processing.  We'll let the clerk review

4     those and make sure we have everything we need.

5          DEFENDANT WICKER:  Thank you, Your Honor.

6          THE COURT:  All right, thank you.  I'll note again,

7     any further proceedings have not yet been set, so you need to

8     make sure you know when you next need to be in court.

9     Mr. Lang, anything else as to Mr. Wicker?

10          MR. LANG:  No, Your Honor.

11          THE COURT:  All right.  You just need to wait and

12     meet with the probation office before you leave.

13          MS. HILL:  Thank you, Your Honor.

14          THE COURT:  All right.  Then as to Mr. White.  All

15     right.  And Ms. Costner, I believe there's also a

16     recommendation for a $100,000 unsecured bond in this case.  Is

17     that your understanding as well?

18          MS. COSTNER:  Yes, Your Honor, it is.

19          THE COURT:  And then certain non-financial conditions

20     as well, including a restriction on travel and other standard

21     conditions otherwise suggested by the Pretrial Office; is that

22     correct?

23          MS. COSTNER:  Yes, Your Honor.  We do have one

24     question about travel whenever the time is appropriate.

25          THE COURT:  All right.  What I'll do is go ahead and

1 go through those conditions.  When we get to that, we can take

2 that up as well.

3          MS. COSTNER:  Thank you, Your Honor.

4          THE COURT:  All right.  So Mr. White, the Government

5 has agreed to release on conditions, and the probation office

6 has recommended certain conditions in this case, including a

7 $100,000 unsecured bond.  Now, that bond indicates that you

8 agree to follow every order of the Court and agree that the

9 bond would be forfeited if you failed to appear, if you were

10 convicted, if you failed to surrender to serve any sentence,

11 and/or if you failed to comply with any of the conditions set

12 forth in the conditions of release.  Do you understand that?

13          DEFENDANT WHITE:  Yes, Your Honor.

14          THE COURT:  So if you fail to appear or violate any

15 conditions, the Government could obtain a judgment against you

16 for $100,000.  Do you understand that?

17          DEFENDANT WHITE:  Yes, Your Honor.

18          THE COURT:  In addition, there are some standard

19 conditions of release that apply in every case.  First, that

20 you must not violate any federal, state, or local law while on

21 release.  You must cooperate in the collection of a DNA sample.

22 You must advise the Court or the pretrial services officer in

23 writing before making any change of residence or telephone

24 number, and you must appear in court as required, and, if

25 convicted, surrender as directed to serve any sentence that

1  might be imposed.  Do you understand that?

2          DEFENDANT WHITE:  Yes, Your Honor.

3          THE COURT:  I will tell you, your next appearance,

4  there is not a specific day and time set because it's going to

5  be according to that scheduling order that you were given.  So

6  it's important that you stay in touch with Ms. Costner and make

7  sure you know when you next need to be in court, when the next

8  proceeding is set.

9          DEFENDANT WHITE:  Yes, Your Honor.

10         THE COURT:  All right.  The additional conditions in

11  this case would be, first, that you submit to supervision by

12  and report for supervision to the probation or pretrial

13  services officer.  That means that you call in if they ask you

14  to call in or report if they ask you to report as directed.

15         DEFENDANT WHITE:  Yes, Your Honor.

16         THE COURT:  In addition, you surrender any passport

17  to the probation or pretrial services officer and not obtain

18  any passport or other new international travel document.  I'll

19  ask if you understand that as well.

20         DEFENDANT WHITE:  Yes, Your Honor.

21         THE COURT:  And Ms. Costner, do you have his

22  passport?

23         MS. COSTNER:  I do, Your Honor.

24         THE COURT:  All right.  So that's ready to be turned

25  in to the probation office today; is that correct?

1          MS. COSTNER:  Yes, Your Honor.

2          THE COURT:  All right.  Then the next condition would

3    be that your travel's restricted to the Middle District of

4    North Carolina unless prior approval is obtained from the

5    probation or pretrial services officer.  Ms. Costner, is there

6    something you wanted to be heard on that?

7          MS. COSTNER:  Yes, Your Honor.  Mr. White has plans

8    to travel to Ashe County this weekend just as a family trip and

9    wanted to know if he could have permission to do that or if he

10   needs to just speak with U.S. Probation about it.

11         THE COURT:  All right, let me -- Mr. Lang, do you

12   have any --

13         MR. LANG:  No, Your Honor.

14         THE COURT:  You don't object to that?  All right.

15   What I would do then, I'm not going to note that specifically

16   on the conditions of release, but I would just ask the pretrial

17   officer to note for his supervising officer that he's asked

18   about that and the Government and the Court have agreed to that

19   request at this point.

20         MS. COSTNER:  Thank you.

21         DEFENDANT WHITE:  Thank you, Your Honor.

22         THE COURT:  As for any future travel requests,

23   Mr. White, as I indicated earlier, you can ask the probation or

24   pretrial services officer as to any request or need you might

25   have to travel.  If that becomes something that's outside of

what they're able to approve, then you can file a motion or

Ms. Costner can file a motion on your behalf asking for

approval of the Court for some modification on that.

DEFENDANT WHITE:  I understand, Your Honor.

THE COURT:  All right.  In addition, there's the

restriction that you avoid all contact, directly or indirectly,

with any person who is or may be a victim or witness in the

investigation or prosecution, including all co-defendants.

I'll ask you, Ms. Costner, does the same issue arise in this

case as well?  Is Mr. White still employed with some of the

co-defendants?

MS. COSTNER:  Yes, Your Honor, he is, and it would

present the same issue.

THE COURT:  So we could modify that to say, "all

co-defendants other than as needed regarding employment"?

DEFENDANT WHITE:  Yes.

MS. COSTNER:  Yes, Your Honor, that's fine.

THE COURT:  All right.  All right.  And I'll ask

Mr. White, you understand that condition then in this case?

DEFENDANT WHITE:  Yes, Your Honor.

THE COURT:  In addition, you must not possess a

firearm, destructive device, or other weapon.  That means

anywhere in the house where you're living, any vehicle you're

in, any place at your place of employment, any place you might

have access to.  Do you understand that?

1        DEFENDANT WHITE:  Yes, Your Honor, I understand.

2        THE COURT:  Do you have any firearms at your home?

3        DEFENDANT WHITE:  No, Your Honor.

4        THE COURT:  All right.  And then finally, you must

5    report as soon as possible to the pretrial services officer any

6    contact with law enforcement personnel, including arrests,

7    questioning, or traffic stops.  So even if it's just a

8    questioning or a traffic stop, any kind of contact with law

9    enforcement, you just need to let the probation officer know

10   about that.

11       DEFENDANT WHITE:  I understand, Your Honor.

12       THE COURT:  All right.  That would be the conditions

13   that I have.  I'll ask the pretrial officer if that covers

14   everything that you had requested.

15       PRETRIAL OFFICER:  Yes, Your Honor.

16       THE COURT:  Mr. Lang, anything else the Government's

17   requesting in this case?

18       MR. LANG:  No, Your Honor.

19       THE COURT:  And Ms. Costner, any objections or

20   anything else you needed to add on that?

21       MS. COSTNER:  No, Your Honor.

22       THE COURT:  All right, Mr. White, do you understand

23   all of those conditions I've gone over with you?

24       DEFENDANT WHITE:  Yes, I do, Your Honor.

25       THE COURT:  I need to give you certain warnings in

1   connection with that release.  If you fail to appear or fail to

2   comply with conditions imposed, the Government could obtain a

3   $100,000 judgment against you.  Do you understand that?

4           DEFENDANT WHITE:  Yes, Your Honor.

5           THE COURT:  If you violate any of the conditions of

6   release I've just set, a warrant could be issued for your

7   arrest, your release could be revoked, and you could be

8   prosecuted for contempt of court.  I also advise if you commit

9   another felony or misdemeanor offense while you're on release,

10   your sentence, if you are convicted of that offense, could be

11   substantially increased because of the fact that you're on

12   pretrial release, and you could receive as punishment an

13   additional prison term of up to 10 years for a felony, and up

14   to one year for a misdemeanor, running consecutively to any

15   sentence you might receive for the present offense.  Do you

16   understand that?

17           DEFENDANT WHITE:  I understand, Your Honor.

18           THE COURT:  I advise you it's a federal offense

19   punishable by up to 10 years in prison to obstruct a criminal

20   investigation or retaliate against a witness, victim, informant

21   or officer of the court.  It's also a separate criminal offense

22   to fail to appear, which could result in a separate conviction

23   and consecutive sentence.  Do you understand that?

24           DEFENDANT WHITE:  Yes, Your Honor.

25           THE COURT:  All right.  What I have here is two

```
 1   copies of the order setting conditions of release.  It just
 2   includes the written version of all I've just gone over with
 3   you, including the penalties I've just included, and it notes
 4   here that you acknowledge that you are the defendant in this
 5   case, that you are aware of the conditions of release, that you
 6   promise to obey all conditions of release and appear as
 7   directed, and surrender to serve any sentence imposed, and that
 8   you are aware of the penalties and sanctions set out above.
 9            DEFENDANT WHITE:  Yes, Your Honor.
10            THE COURT:  All right.  I have two copies of that.
11   One of those copies will be for you after it's been entered by
12   the Court as well as the appearance bond.  Ms. Costner, can you
13   assist with that?
14            MS. COSTNER:  Thank you.
15            THE COURT:  All right.  Mr. White, I have approved
16   the bond and signed the order setting those conditions of
17   release and that you be released after further processing with
18   the clerk --
19            DEFENDANT WHITE:  Thank you, Your Honor.
20            THE COURT:  Thank you.  You'll need to make sure you
21   follow all those conditions.  Make sure you appear.  You need
22   to know from Ms. Costner when you next need to be in court, and
23   you'll need to stay here today until you've had a chance to
24   speak to the probation officer, and they've gotten all the
25   information they need.
```

1    DEFENDANT WHITE:  I understand, Your Honor.  Thank

2 you.

3    THE COURT:  All right.  Anything else, Ms. Costner?

4    MS. COSTNER:  No, Your Honor.

5    THE COURT:  All right.  Anything else, Mr. Lang?

6    MR. LANG:  No, Your Honor.

7    THE COURT:  All right.  Thank you.

8    (Proceedings concluded.)

9                    *  *  *  *  *

10

11              C E R T I F I C A T E

12    I certify that the foregoing is a correct transcript
   from the proceedings in the above-entitled matter.

13

14

15 Date: 06/02/2015    Joseph B. Armstrong, RMR, FCRR
                     United States Court Reporter
16                     324 W. Market Street
                     Greensboro, NC  27401

17

18

19

20

21

22

23

24

25