IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR39-1 |
| | : | |
| v. | : | |
| | : | |
| CRAIG STANFORD EURY, JR. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, CRAIG STANFORD EURY, JR., in his own person and through his attorneys, Kearns Davis, Wes J. Camden and William Michael Dowling and state as follows:

1. The defendant, CRAIG STANFORD EURY, JR., is presently under a Superseding Indictment in case number 1:14CR39-1, which in object one of Count One charges him with a violation of Title 18, United States Code, Section 371, conspiracy to obstruct government function, which in objects two and four of Count One charges him with violations of Title 8, United States Code, Section 1324(a)(1)(A)(iv), encouraging aliens to illegally enter the United States, which in object three of Count One charges him with a violation of Title 18, United States Code, Section 1546(a), false and fraudulent means to obtain, use and attempt to use H-2B visas for entry to the United States by fraud; which in Counts Two through Ten and Twenty through Forty-Four charges him with violations of Title 18, United States Code, Section 1957, money laundering; which

in Count Eleven charges him with a violation of Title 18, United States Code, Section 371, conspiracy to defraud the United States; which in Counts Twelve, Thirteen, Fourteen, Fifteen, Seventeen, Eighteen charges him with violations of Title 18, United States Code, Section 1341, mail fraud; which in Counts Sixteen and Nineteen charges him with violations of Title 18, United States Code, Section 1343, wire fraud.

2. The defendant, CRAIG STANFORD EURY, JR., will enter a voluntary plea of guilty to section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, CRAIG STANFORD EURY, JR., understands that the maximum term of imprisonment provided by law for section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein is not more than five years, as to each count, and the maximum fine for section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein is $250,000, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, CRAIG STANFORD

2

EURY, JR., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

  b. The defendant, CRAIG STANFORD EURY, JR., also understands that as to section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, CRAIG STANFORD EURY, JR., understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

  d. The defendant, CRAIG STANFORD EURY, JR., further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing

3

Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  e. The defendant, CRAIG STANFORD EURY, JR., understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, CRAIG STANFORD EURY, JR., nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequences might include automatic removal and possibly permanent exclusion from the United States.

  3. By voluntarily pleading guilty to section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein, the defendant, CRAIG STANFORD EURY, JR., knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury

4

or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, CRAIG STANFORD EURY, JR., is going to plead guilty to section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, CRAIG STANFORD EURY, JR., to section ii of object one of Count One and object four of Count Eleven of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts, and portions thereof, of the Superseding Indictment as to the defendant, CRAIG STANFORD EURY, JR.. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, CRAIG STANFORD EURY, JR., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level

5

by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6. The defendant, CRAIG STANFORD EURY, JR., knowingly and voluntarily consents and agrees to forfeit to the United States the sum of $600,000.00 in U.S. Currency in a civil judicial or administrative forfeiture proceeding. The defendant, CRAIG STANFORD EURY, JR., agrees that this sum represents the proceeds obtained directly or indirectly from or traceable to or involved in the offenses alleged in the Superseding Indictment against him, and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1) and Title 8, United States Code, Section 1324(b). The defendant agrees to pay the total sum of $600,000.00, including $400,000.00 on or before the entry of his change of plea, via a Certified Bank Check in the amount of $300,000.00, made payable to the Internal Revenue Service, and a Certified Bank Check in the amount of $100,000.00 made payable to the United States Marshals Service. The defendant agrees to pay a further $200,000.00 via a Certified Bank Check made payable to the United States Marshals Service on or before July 14, 2015, and delivered to the United States Attorneys Office. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of

6

assets in any proceeding, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution. Any violation of the defendant's financial commitment as reflected in this paragraph will constitute a material breach and subject the defendant, CRAIG STANFORD EURY, JR., to criminal prosecution.

7. The defendant, CRAIG STANFORD EURY, JR., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, CRAIG STANFORD EURY, JR., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, CRAIG STANFORD EURY, JR., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made

at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 2)rd day of June, 2015.

RIPLEY RAND
United States Attorney

KEARNS DAVIS
Attorney for Defendant

FRANK J. CHUT, JR.
NCSB # 17696
Assistant United States Attorney

CRAIG STANFORD EURY, JR.
Defendant

101 S. Edgeworth St.
Greensboro, NC 27401

336/333-5351

8